UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SCOTT K. SCHMALE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No.: 2:23-cv-01114-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| STATE FARM & CASUALTY COMPANY, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion to Remand, (ECF No. 11), filed by Plaintiffs Scott K. Schmale and Lana Schmale. Defendant State Farm Fire and Casualty Company filed a Response, (ECF No. 20), to which Plaintiffs filed a Reply, (ECF No. 22).

For the reasons discussed below, the Court **GRANTS** Plaintiffs' Motion to Remand because although Defendant's argument that the amount in controversy requirement is satisfied is legally plausible, it lacks factual and evidentiary support.

I.  **BACKGROUND**

This case arises from Defendant's alleged breach of a Rental Dwelling Policy (the "Policy") issued to Plaintiffs for a home located at 4412 Socrates St., North Las Vegas, Nevada (the "Property"). (*See generally* Compl., Ex. A to Pet. Removal, ECF No. 1-1). According to Plaintiffs, Defendants promised to pay for damage to the Property and for loss of rent for the time required to repair any damage unless it was specifically excluded under the Policy. (*Id.* ¶¶ 15–16, Ex. A to Pet. Removal).

Plaintiffs rented the Property to a tenant, Christopher Zullo ("Zullo"), who purportedly vandalized the Property before being evicted. (*Id.* ¶¶ 17–21, Ex. A to Pet. Removal). Plaintiffs then submitted an insurance claim to Defendant pursuant to the Policy. (*Id.* ¶ 22, Ex. A to Pet.

1   Removal).  Plaintiffs avers that Defendant did not begin investigating the claim until months
2   later and failed to thoroughly investigate their claim. (*Id.* ¶¶ 31–34, Ex. A to Pet. Removal).
3   Defendant would subsequently send Plaintiffs two letters offering different assessments of the
4   Property's damage, but both denying their claim. (*Id.* ¶¶ 34–38, 61–68, Ex. A to Pet. Removal).
5       Plaintiffs filed their Complaint in the Eighth Judicial Court of Nevada against
6   Defendant, asserting claims for: (1) breach of insurance contract; (2) breach of the duty of good
7   faith and fair dealing; and (3) breach of statutory duties under NRS § 686A.310. (*Id.* ¶¶ 69–96,
8   Ex. 1 to Pet. Removal).  Defendant subsequently removed this action to federal court on the
9   basis of diversity jurisdiction. (*See generally* Pet. Removal, ECF No. 1).  Plaintiffs now seek to
10  remand to state court. (*See generally* Mot. Remand, ECF No. 11).
11  **II.    LEGAL STANDARD**
12      Federal courts are courts of limited jurisdiction, possessing only those powers granted by
13  the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).
14  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of
15  establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal citations
16  omitted).
17      The federal removal statute provides that a defendant may remove an action to federal
18  court based on federal question or diversity jurisdiction. 28 U.S.C. § 1441.  "The 'strong
19  presumption against removal jurisdiction means that the defendant has the burden of
20  establishing that removal is proper,' and the court resolves all ambiguity in favor of remand to
21  state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus
22  v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).  "If at any time before final
23  judgment it appears that the district court lacks subject matter jurisdiction, the case shall be
24  remanded." 28 U.S.C. § 1447(c).
25  ///

To remove a state law civil action to federal court on the basis of diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a).  Complete diversity of citizenship under 28 U.S.C. § 1332 requires that each plaintiff must be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  Additionally, 28 U.S.C. § 1446 requires a removing defendant asserting diversity jurisdiction to file the notice of removal within 30 days of receipt by the defendant of the initial pleading or, if the case stated by the initial pleading is not removable, within 30 days after receipt by the defendant "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id*.

## III. DISCUSSION

Here, it is uncontroverted there is complete diversity between Plaintiffs and Defendant. (Mot. Remand 1:25–2:5); (Resp. 4:19–25, ECF No. 20).  Therefore, the question is whether the amount in controversy exceeds $75,000.  "In determining the amount in controversy, the court first looks to the complaint.  Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Ibarra v. Manheim Invests., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  The Court begins by examining whether it is facially evident from Plaintiff's Complaint that the amount in controversy requirement is met.

### A. Facially Evident

Plaintiffs do not plead a specific damages amount, instead alleging general damages in excess of $15,000 for each cause of action, and unspecified sums for punitive damages, attorney's fees, and costs. (*See* Compl. 11:26–12:6, Ex. A to Pet. Removal).  Plaintiffs' request for general damages alleges, at maximum, an insufficient amount in controversy of $45,000.00. *See Lopez v. Walmart, Inc.*, No. 2:20-cv-01228, 2021 WL 3566414, at *2 (D. Nev. Mar. 22,

2021) ("Alleging general damages in excess of $15,000.00 is thus insufficient to meet the amount in controversy requirement.") (citations omitted). Plaintiffs other forms of requested relief cannot be assigned an ascertainable amount without speculation. Because the jurisdictional amount is not facially evident, Defendant must show, by a preponderance of the evidence, that the amount in controversy requirement is satisfied. *See Valdez*, 372 F.3d at 1117.

### B. Preponderance of the Evidence

Defendant argues the damages that could be recovered under the Policy limits, in addition to Plaintiffs' request for attorney's fees and punitive damages, demonstrate that the amount in controversy more likely than not exceeds $75,000. (Resp. 1:23–4:10). In response, Plaintiffs argue that Defendant fails to identify with any specific evidence that Plaintiffs seeks damages for more than $75,000. (Mot. Remand 4:3–13). The Court examines each category of damages identified by Defendant below.

#### 1. Limits Under the Policy

Defendant avers that the Policy at issue contains maximum damages of: (1) $323,800 for dwelling coverage; (2) $300,000 for business liability per occurrence; and (3) $48,570.00 for personal property and loss of rent. (Resp. 3:7–20, 6:1–12). Defendant argues that because "it is believed Plaintiffs seeks the limit[s]" of the Policy, and the Policy limits exceed $75,000.00, the amount-in-controversy requirement is met. (*Id.*).

In determining the amount in controversy in insurance claim matters, there is a distinction "between those cases in which the validity of the insurance policy is at issue and those cases in which the question is the applicability of the policy to a particular occurrence . . . . [I]n the latter category of cases . . . the jurisdictional amount in controversy is measured by the value of the underlying claim—not the face amount of the policy." Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*, vol. 14B, § 3710, 264 (3d ed., West 1998); *see also Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir.

2002) (holding that policy limits are the amount where there is a dispute as to the entire policy, but the value of the claim controls when there is a dispute about the applicability of the policy). Thus, "when an insurer 'is not seeking to void the entire insurance contract,' the value of the claim rather than the policy limit, determines the amount in controversy." *Willer v. Allied Prop. and Cas. Ins. Co.*, No. 09-cv-150, 2010 WL 11537798, at *2 (D. Mont. Jan. 21, 2010) (quoting *Hartford Ins. Grp.*, 293 F.3d at 911).

Plaintiffs, in their Complaint and Motion to Remand, do not contest the validity of the Policy, nor do they assert they are seeking the Policy limits. (*See generally* Compl., Ex. A to Pet. Removal); (Mot. Remand). Therefore, it is inappropriate to consider the Policy limits in the amount in controversy. *Cf. Willer*, 2010 WL 11537798, at *3 ("[T]he validity of the policy is not at issue, nor are Defendants seeking to void the entire policy, and it is thus inappropriate to consider the potential policy limit as the amount in controversy."). Outside of the Policy limits, Defendant offers no evidence to show what the amount in controversy in this action is. *See Tesfay v. United Fin. Cas. Co.*, No. 2:22-cv-01687, 2023 WL 2554163, at *1 (W.D. Wash. Mar. 17, 2023) ("But the mere fact that the policy limits exceed the $75,000 threshold for diversity jurisdiction does not show what the amount in controversy in this action actually is."); *see also Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997). The mere possibility that Plaintiffs will recover damages under the Policy in excess of $75,000.00 is insufficient to prove the amount in controversy requirement is met. *See Adamwciz v. Keolis Transit Servs, LLC*, No. 3:22-cv-00033, 2022 WL 228281, at *2 n.4 (D. Nev. Jan. 25, 2022) ("The Court further notes that, although Plaintiff seeks general and special damages, the mere possibility of a damages award is not sufficient to prove that the amount in controversy requirement has been met. Instead, Defendant must present evidence indicating that the amount of damages Plaintiff seeks will, more likely than not, exceed the amount needed to increase the amount in controversy to more than $75,000.").

### 2. General Damages

Defendant next notes Plaintiffs' prayer for relief includes a request for general damages in excess of $15,000. (Resp. 7:14–18). Based on this request, Defendant posits "it is anticipated that Plaintiffs will seek $15,000.00 - $200,000.00 in general damages alone." (*Id.* 7:19–23). The Court disagrees.

Merely stating a large sum of money is potentially at stake does not satisfy Defendant's burden. *See Vasquez v. Strata Vecchia Mgm., LLC*, No. 16-cv-8168, 2016 WL 7261548, at *3 (C.D. Cal. Dec. 15, 2016*); see also Cormier v. State Farm Mut. Auto. Ins. Co.*, No. 2:14-cv-502, 2014 WL 3513881, at *2 (D. Nev. July 15, 2014) ("Defendant lacks evidence supporting its estimations of potential damages for lost wages, general damages, and attorney fees. Thus, defendant's proffered estimations are conclusory and cannot be considered for the amount-in controversy calculation.") (citation omitted); *Cable v. Merit Life Ins. Co.*, 2006 WL 1991664, at *3 (E.D. Cal. 2006) (determining the defendant's argument that emotional distress damages exceeded the jurisdictional threshold was insufficient when "[d]efendant provide[d] no reliable basis for determining the amount of emotional distress damages likely to be recovered in this case"). And here, Defendant's estimation is entirely speculative, offering no supporting reason to support this calculation other than a conclusory statement that "general damage awards sometimes equal many multiples of the incurred special damages." (*Id.* 7:18–21). Moreover, Defendant fails to provide "any analogous cases with substantially similar factual scenarios that might guide" the Court as to the amount of general damages that might be recovered in this case. *Vasquez*, 2016 WL 7261548, at *4. The established starting point for Plaintiffs' damages is $45,000. At this point, Defendant has offered no evidentiary support to determine an amount in excess of this sum.

///

///

### 3. Attorney's Fees

Defendant contends that attorney's fees may be considered in determining the amount-in-controversy requirement, and here, "[a] potential award of Plaintiffs' attorney['s] fees . . . could eventually total tens of thousands of dollars in [this] contested bad faith case . . . ." (Resp. 8:1–5).

Attorney's fees may be considered in an amount in controversy calculation "if a statute authorizes fees to a successful litigant." *Pereza v. Progressive Direct Ins. Co.*, No. 2:15-cv-77, 2015 WL 1549270, at *4 (D. Nev. Apr. 8, 2015) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1988). For a court to include attorney's fees, "the removing party must (1) identify an applicable statute which could authorize an award of attorney['s] fees and (2) provide an estimate as to the time the case will require and opposing counsel's hourly billing rate." *Hannon v. State Farm Mut. Auto. Ins. Co.*, No. 2-14-cv-1623, 2014 WL 7146659, at *2 (D. Nev. Dec. 12, 2014). The defendant "must do more than merely point to [p]laintiff's request for attorney's fees; upon removal it must demonstrate the probable amount of attorney's fees in this case." *Wilson v. Union Sec. Life Ins. Co.*, 250 F. Supp. 2d 1260, 1264 (D. Idaho 2003).

While Defendant correctly asserts that attorney's fees *may* be included in a determination of the amount in controversy, it neither supports the assertion with a probable calculation of what Plaintiffs' attorney's fees might be, nor cites to the applicable statute authorizing attorney's fees. *See Surber v. Reliance Nat. Indent. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000) (holding a defendant's statement that the opposing counsel's fees "may well, in and of themselves, exceed the jurisdictional minimum" did not suffice to create subject matter jurisdiction); *Cayer v. Vons Cos.*, 2017 WL 3115294, at *2 (D. Nev. July 21, 2017) (stating that this court considers attorney's fees to be included within the amount in controversy if the removing party identifies an applicable statute which could authorize such an award and

provides an estimate as to fee calculation). In this case, Defendant's proffer of attorney's fees is "too speculative and conclusory" for the Court to consider it in the jurisdictional requirement. *Pegram v. Jamgotchian*, No. 3:12-cv-50, 2012 WL 3929789, at *19–20 (D. Nev. Sept. 5, 2012). Because Defendant has not carried its burden to display calculable attorney's fees, the Court cannot consider it within the amount in controversy. The Court next considers whether the inclusion of punitive damages is proper.

### 4. Punitive Damages

Defendant argues Plaintiffs alleged punitive damages could alone exceed $75,000. (Resp. 8:7–22). In rebuttal, Plaintiffs contends the "mere possibility of a punitive damages award is not sufficient to prove that the amount in controversy requirement has been met." (Reply 4:13–14, ECF No. 22).

"While Defendant is correct that the Court can, in some instances, consider a potential award of punitive damages to be within the amount in controversy, 'it is not enough to tell the Court that [a plaintiff] seek[s] punitive damages, [the defendant] must come forward with evidence showing the likely award if [the plaintiff] were to succeed in obtaining punitive damages.'" *Hannon*, 2014 WL 7146659 at *3 (quoting *Wilson*, 250 F. Supp. 2d at 1264). "For example, the defendant may introduce evidence of jury verdicts in analogous cases." *Kern v. State Farm Mut. Auto. Ins. Co.*, No. 2:14-cv-1741, 2014 WL 6983241, at *3 (D. Nev. Dec. 10, 2014); *see Casas v. Geico Indem. Co.*, No. 2:13-cv-1567, 2013 WL 6284152, at *3 (D. Nev. Dec. 4, 2013).

Here, Defendant offers no authority that Plaintiffs' case is similar to any other case. (*See generally* Resp.). "Instead, it points only to [Plaintiffs'] bare punitive damages request and the Nevada's authorizing statute." *Kern*, 2014 WL 6983241, at *3. While the Court agrees with Defendant punitive damages can be considered part of the amount in controversy, Defendant has presented insufficient evidence for the Court to determine what those damages might be,

and the Court therefore declines to find the amount in controversy requirement is satisfied based on Plaintiffs seeking punitive damages.

"In sum, while Defendant's argument that the amount in controversy requirement is satisfied is legally plausible, it lacks factual and evidentiary support." *Mitchell v. Allstate Fire and Cas. Ins. Co.*, No. 3:19-cv-00160, 2019 WL 1916192, at *3 (D. Nev. Apr. 30, 2019). And Defendant bears the burden here. *See Valdez*, 372 F.3d at 1117. Given that the amount in controversy does not exceed $75,000, the Court will remand this case. *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, (ECF No. 11), is **GRANTED**.

**IT IS FURTHER ORDERED** that the case be remanded to the Eighth Judicial District Court. The Clerk of the Court shall remand this case back to state court and thereafter close this Court's case.

**DATED** this   30   day of October, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT